UNITED STATES of America, Plaintiff,

v.

Johnny Bernard MACK, Defendant.

Crim. A. No. 93–80123.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 24, 1994.

Janice Terbush, U.S. Attys. Office, Detroit, MI, for U.S.

Daniel J. Blank, Bingham Farms, MI, Paul A. McKenna, McKenna & Obront, Coconut Grove, FL, Richard H. Morgan, Morgan & Hall, Pontiac, MI, Mark J. Kriger, Fried, Saperstein, Devine & Kohn, Southfield, MI, for Johnny Bernard Mack.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR ACQUITTAL AND FOR A NEW TRIAL

GADOLA, District Judge.

On June 8, 1994, a jury convicted defendant Johnny Bernard Mack of three drug-related offenses. On June 17, 1994, the court entered a stipulated order extending the time for filing motions to July 15, 1994. On July 15, 1994, defendant filed the instant motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). In the alternative, defendant moves for a new trial pursuant to Federal Rule of Criminal Procedure 33. The United States filed a response on August 25, 1994 and a supplemental response on September 26, 1994.

### I. Facts

Defendant Mack was charged by way of a third superseding indictment with the following offenses: (1) conspiracy to possess with intent to distribute cocaine and heroin in violation of 21 U.S.C. §§ 846 and 841; (2) two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; (3) unlawful use of a communication facility in violation of 21 U.S.C. § 843(b); (4) attempted possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846; and (5) possession with intent to distribute heroin in violation of 21 U.S.C. § 841. Defendant's jury trial began on May 17, 1994 in this court. Defendant requested judgment of acquittal two times during trial, once at the close of the government's proofs and a second time at the close of all the evidence. This court denied both motions of acquittal. On June 8, 1994, the jury convicted defendant of: (1) conspiracy to possess cocaine and heroin with intent to distribute, (2) possession with intent to distribute cocaine, and (3) attempted possession with intent to distribute cocaine.

### II. Motion For Acquittal

A trial court ruling on defendant's motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(c) must consider the evidence and inferences most favorably to the government and determine whether evidence exists from which a reasonable jury might find the defendant guilty beyond a reasonable doubt. *United States v. Overmyer*, 867 F.2d 937, 938 (6th Cir.1989). Defendant's only argument for the court to grant his motion for acquittal is that the government's witnesses lacked credibility. The Sixth Circuit has clearly held that a district court evaluating a motion for acquittal cannot consider the credibility of witnesses. *United States of America v. Levy*, 904 F.2d 1026, 1032 (6th Cir.1990), *cert. denied*, 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1060 (1991). The credibility of witnesses is the exclusive province of the jury. *United States v. Bond*, 22 F.3d 662, 666 (6th Cir.1994). Defendant does not cite a single legal precedent to support this court's authority to overturn a jury verdict on a motion for acquittal because the witnesses are not credible.

### III. Motion for New Trial

#### A. *Standard of Review*

Rule 33 of the Federal Rules of Criminal Procedure provides in pertinent part that on motion of a defendant the court may grant a new trial "if required in the interest of justice." Decisions on motions for new trial are within the sound discretion of the trial judge. *Burks v. Egeler*, 512 F.2d 221, 224 (6th Cir.1975), *cert. denied*, 423 U.S. 937, 96 S.Ct. 297, 46 L.Ed.2d 270 (1975). In ruling on a motion for a new trial, the court may consider the credibility of witnesses and the quality of the evidence. *United States v. Turner*, 490 F.Supp. 583, 593 (E.D.Mich. 1979), *aff'd*, 633 F.2d 219 (6th Cir.1980), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981). Motions for new trials are not favored and should be granted only with great caution and in the "most extraordinary of circumstances." *United States v. Garner*, 529 F.2d 962, 969 (6th Cir.1976), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2630, 49

L.Ed.2d 376 (1976) and 429 U.S. 850, 97 S.Ct. 138, 50 L.Ed.2d 124 (1976).

■ To deny a defendant a fair trial based on prosecutorial misconduct, the misconduct must be "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial." *United States v. Vance,* 871 F.2d 572, 577 (6th Cir.1989) (quoting *United States v. Mahar,* 801 F.2d 1477, 1503 (6th Cir.1986), *cert. denied,* 493 U.S. 933, 110 S.Ct. 323, 107 L.Ed.2d 313 (1989)).

### B. *Analysis*

In his motion for a new trial, defendant argues that there were three instances of prosecutorial misconduct which require a new trial. First, the government falsely accused defendant of threatening a government witness, Erin Rose, while defendant and Rose were mistakenly transported together by the United States Marshall's Service. Second, the government or its agents failed to provide the defendant with evidence favorable to the defendant until after the close of the government's case. Third, the government, during its rebuttal argument, incorrectly and prejudicially alleged that defendant was guilty of all the offenses to which government witness Eddie Yaldo admitted guilt, with the exception of the murder for hire charge. Defendant's fourth argument is that the evidence "preponderates sufficiently heavily against the verdict" that a miscarriage of justice has occurred.

#### i

■ Defendant first argues that a new trial is necessary because the government falsely accused the defendant of threatening a government witness, Erin Rose. After the defendant took the stand, the government asked the defendant upon cross-examination whether he had threatened Rose while they were mistakenly transported together by the United States Marshall's Service. Upon taking the stand to testify in his own behalf, defendant Mack was subject to the same cross-examination and impeachment rules that apply to any other witness. *United States v. Williams,* 986 F.2d 86, 89 (4th Cir.1993), *cert. denied,* —— U.S. ——, 113 S.Ct. 3013, 125 L.Ed.2d 703 (1993). In the instant case, the prosecutor's question was relevant to the impeachment of the defendant because it went to show his consciousness of guilt. Evidence that a defendant attempted to bribe and threaten a witness is admissible to show consciousness of guilt. *United States v. Mendez–Ortiz,* 810 F.2d 76, 79 (6th Cir.1986), *cert. denied,* 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987). The prosecutor's cross-examination regarding defendant's alleged threat to Rose was an attempt to impeach his credibility by showing that he was conscious of his guilt.

■ A court may, in its discretion, permit the prosecution to inquire into prior instances of bad acts which are probative of the witness' credibility if the government offers a good faith basis for the acts. *United States v. Williams,* 986 F.2d 86, 89 (4th Cir.1993), *cert. denied,* —— U.S. ——, 113 S.Ct. 3013, 125 L.Ed.2d 703 (1993). The government demonstrates its good faith basis for asking whether the defendant threatened Rose by providing the affidavit of Special Agent Kevin Cavanaugh. Cavanaugh states that he participated in an interview with Rose on February 25, 1994, and found Rose distressed at being placed upon the Marshall's bus with the defendant. According to Cavanaugh, Rose claimed that the defendant had advised her that it would not be a good idea for her to be a witness against him.

■ Defendant contends that the false suggestion that he threatened Rose resulted in an error so prejudicial as to strike at the fundamental fairness of the trial. *Walker v. Engle,* 703 F.2d 959 (6th Cir.1983), *cert. denied,* 464 U.S. 951, 104 S.Ct. 367, 78 L.Ed.2d 327 (1983) and 464 U.S. 962 (1983). On the stand, defendant denied having intimidated Rose. No further evidence of defendant's alleged threat was presented to the jury. When the defendant testified, the government had a right to question his credibility. The court finds that the government had a good faith basis for asking the defendant whether he had intimidated Rose. Furthermore, the court finds that the question did not prejudice the trial so as to strike at the trial's fundamental fairness.

ii

■ Defendant's second argument is that a new trial is necessary because the government failed to provide him with exculpatory evidence until after a demand was made at the close of the government's case. The government had placed "sham" cocaine at the scene of defendant's arrest and dusted the "sham" cocaine with luminescent powder. After the defendant's arrest, no trace of the luminescent powder was found on his hands. The defendant contends that the government was required to provide him with the evidence that his hands lacked any trace of luminescent powder before trial.

At a pretrial detention hearing, Task Force Agent William McDonald mistakenly testified that defendant's hands were glowing under luminescent light, which indicated that the defendant had touched the "sham" cocaine. The government argues that Agent McDonald learned of his mistake approximately one week later and immediately brought the matter to the government's attorney. The government's attorney alleges that she immediately advised defendant's counsel of the error. Defendant's attorneys at the time of the pretrial detention hearing were later replaced by defendant's trial attorneys. Defendant's trial attorneys argue that they had filed pre-trial motions requesting discovery materials pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), but they were not apprised that the results of the luminescent powder test were negative. After the close of the government's case, in which the government made no mention of the results of the powder on defendant's hands, the defendant's trial attorneys moved for discovery of the luminescent powder test results. After receiving the results, defendant moved to dismiss the indictment. This court denied the motion.

■ Defendant does not argue that he was prejudiced in any way. Defendant admits that he was able to discover the mistake and bring the results before the jury. Defendant's only argument is that defense counsel should not be required to renew pretrial discovery motions at the close of the government's case and that the only way to prevent

such suppression of favorable evidence is to dismiss the case against defendant. The standard for judging whether the prosecution's failure to disclose information to the defendant was a violation of *Brady* is if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Clark,* 988 F.2d 1459 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 105, 126 L.Ed.2d 71 (1993). The *Brady* doctrine requires the production of material in time for its effective use at trial. *United States v. Presser,* 844 F.2d 1275, 1283–84 (6th Cir.1988). If there is a delay in producing *Brady* materials, that delay is violative of *Brady* only when the delay itself causes prejudice. *United States v. Bencs,* 28 F.3d 555, 560 (6th Cir.1994) (citing *United States v. Patrick,* 965 F.2d 1390, 1400 (6th Cir.1992), *vacated and remanded on other grounds,* —— U.S. ——, 113 S.Ct. 1378, 122 L.Ed.2d 754 (1993)). This court finds that defendant's argument has not provided sufficient grounds for a new trial because the defendant admits that he was not prejudiced by the delayed discovery and that he was able to use the negative test results effectively at trial.

iii

Defendant's third argument is that the government prejudiced the defendant during the government's rebuttal argument. Defendant argues that during the government's rebuttal argument, the government incorrectly alleged that defendant was guilty of the offenses to which government witness Eddie Yaldo admitted guilt, with the exception of the murder for hire charge. After the government's rebuttal, the defendant objected to the rebuttal argument. At the side bar hearing, the court found that the government's rebuttal statement was not objectionable.

■ The relevant comments made by the government in rebuttal were the following:

He indicated also, Mr. Blank [defense counsel] did, that its too bad we don't have the recordings of all the conversations with Mack and Eddie Yaldo. Well, ladies and

gentlemen, there's no credible evidence that we don't have all those conversations.

And—well, I don't know where Mr. Blank's chart was; it was Mr. McKenna's chart originally when he went through all of Mr. Eddie Yaldo's crimes, all of Mr. Eddie Yaldo's crimes. And it was yeah long. Well, Mr. Mack committed all those crimes with the exception of the attempted use of the wire on a murder plot. So that's the kind of people we have hanging around with each other, and Mr. Mack is of the same genre.

The government argues that it was attacking the credibility of the defendant, who had taken the stand, in response to the defendant's attack on Eddie Yaldo, the government's witness. The Sixth Circuit has set forth the following factors for the district court to consider when evaluating alleged prosecutorial misconduct: (1) the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally placed before the jury; and (4) the strength of the competent proofs introduced to establish the guilt of the accused. *United States v. Payne,* 2 F.3d 706, 712 (6th Cir.1993). In this case, the government argues that the evidence that defendant was guilty of crimes committed by Eddie Yaldo, except for the murder for hire charge, had already been presented during the trial. The government argues that it was only summarizing this evidence, which it used to show that the defendant was not credible. After the rebuttal, the jury was specifically instructed by the court that the defendant was only on trial for the particular crimes charged in the indictment. Further, the remark came after a three week trial, in which the government had presented many witnesses who testified as to defendant's guilt. The court finds that under these circumstances, the prosecutor's remark did not prejudice or mislead the jury.

 Even if the rebuttal statements were improper, the court must consider whether, on the entire record, the misconduct was harmless. *United States v. Payne,* 2 F.3d 706, 712 (6th Cir.1993). To deny a defendant a fair trial, prosecutorial miscon-

duct must be "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial." *United States v. Vance,* 871 F.2d 572, 577 (6th Cir.1989) (quoting *United States v. Mahar,* 801 F.2d 1477, 1503 (6th Cir.1986)), *cert. denied,* 493 U.S. 933, 110 S.Ct. 323, 107 L.Ed.2d 313 (1989). Defendant does not argue that the government's remark was so pronounced and persistent that it permeated the entire atmosphere of the trial. Indeed, the court finds that on the entire record of the three week trial, the government's single remark summarizing evidence that it presented earlier to the jury did not deny defendant a fair trial. Further, the court instructed the jury that defendant was only on trial for those charges in the indictment and the jury was only to consider whether the government proved these crimes. Thus, the court finds that the jury was specifically instructed not to be mislead into assuming that they could convict the defendant of the charged offenses if they found that he had committed the other bad acts that Eddie Yaldo committed. Finally, based upon all of the evidence presented at trial, the court finds that the alleged misconduct during the government's rebuttal, even if improper, was harmless.

iv

Defendant also argues that the evidence "preponderates sufficiently heavily against the verdict" that a miscarriage of justice has occurred. However, defendant does not make any specific arguments to support this claim. The court finds that defendant has not shown that the evidence "preponderates sufficiently heavily against the verdict" nor that there was a miscarriage of justice in this case. The court further finds that the evidence was sufficient to support the verdict.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion for acquittal is **DENIED.**

It is further **ORDERED** that defendant's motion for new trial is **DENIED.**

**SO ORDERED.**